UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARREN DOWELL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 26-65** |
| **TAKEDA PHARMACEUTICALS AMERICA, INC.** | **SECTION: "H"** |

### ORDER AND REASONS

The Court now examines subject matter jurisdiction *sua sponte*. Defendant failed to adequately plead diversity jurisdiction in its Notice of Removal. Accordingly, Defendant shall amend its notice to correct this jurisdictional defect within 20 days of the entry of this Order.

This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*.[1] Subject matter jurisdiction in this case is premised upon diversity of citizenship.[2] Cases arising under § 1332 require, *inter alia*, complete diversity of citizenship.[3] "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[4]

---

[1] Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008) (citing Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004)).

[2] *See* 28 U.S.C. § 1332.

[3] Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).

[4] McClaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).

For purposes of diversity jurisdiction, the "citizenship of a LLC is determined by the citizenship of all of its members."[5] Accordingly, the party invoking federal jurisdiction must list each member and the citizenship of each member of each limited liability company to properly allege diversity of citizenship.[6] Defendants have failed to adequately plead the citizenship of the Wyeth LLC.

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every state in which it has been incorporated and of the state where it has its principal place of business."[7] Thus, "[i]n cases involving corporations, allegations of citizenship *must* set forth the state of incorporation as well as the principal place of business for each corporation."[8] A party's citizenship "cannot be established argumentatively or by mere inference."[9] In its Notice of Removal, Defendant has failed to adequately allege the citizenship of Defendant Perrigo Company, Aztrazeneca PLC, and Takeda Pharmaceutical Company Limited.[10]

---

[5] Harvey v. Grey Wold Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008).

[6] Bona Fide Demolition & Recovery, LLC v. Crosby Constr. Co. of Louisiana, Inc., No. 07–3115, 2009 WL 413504, at *1 (E.D. La. Feb. 18, 2009) (citations omitted); *see also* Pyramid Transp., Inc. v. Greatwide Dallas Mavis, LLC, No. 12–0149, 2013 WL 840664, at *6 (N.D. Tex. Mar. 7, 2013) ("The citizenship of each member of a limited liability company must be alleged." (citations omitted)); Toney v. Knauf Gips KG, No. 12–638, 2012 WL 5923960, at *1 (M.D. La. Oct. 25, 2012) ("[T]o properly allege the citizenship of a limited liability company . . . the party asserting jurisdiction must identify each of the entity's members . . . and the citizenship of each [member]." (internal footnote and citations omitted)).

[7] *See* 28 U.S.C. § 1332(c)(1).

[8] Getty Oil, 841 F.2d at 1259 (emphasis added) (citation omitted).

[9] Illinois Cent. Gulf R.R. Co., v. Pargas, Inc., 706 F.2d 633, 636 (5th Cir. 1983) (internal quotation marks and footnote omitted).

[10] *See* Green Coast Enters., LLC v. Certain Underwriters at Lloyd's, No. CV 22-973, 2022 WL 2208206, at *5 (E.D. La. June 21, 2022) (stating that district courts "have held that

Defendant's failure to properly allege citizenship is not fatal.[11] 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." A district court's decision to permit amendment under § 1653 turns on the nature of the jurisdictional defect.[12] Where "jurisdictional problems are of the 'technical' or 'formal' variety, they fall squarely within the ambit of § 1653."[13] Thus, amendment should be allowed where "'diversity jurisdiction was not questioned by the parties and there is no suggestion in the record that it does not in fact exist.'"[14] The record in this matter does not reveal, nor has any party argued, that diversity jurisdiction is not present. Accordingly, Defendant is granted leave to amend the Notice of Removal to allege "distinctly and affirmatively" the jurisdictional facts that give rise to diversity jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant has failed to adequately allege diversity of citizenship. Defendant is granted leave to amend the Notice of Removal within 20 days from the entry of this Order. Failure to file timely an amended notice will result in dismissal for lack of subject matter jurisdiction.

---

"[United Kingdom] private limited companies are treated as corporations for the purposes of diversity subject-matter jurisdiction.").

[11] *See* Whitmire v. Victus Ltd., 212 F.3d 885, 887 (5th Cir. 2000) (citation omitted).
[12] *Id.* at 888.
[13] *Id.*
[14] Stafford v. Mobil Oil Corp., 945 F.2d 803, 806 (5th Cir. 1991) (quoting Leigh v. Nat'l Aeronautics & Space Admin., 860 F.2d 652, 653 (5th Cir. 1988)).

New Orleans, Louisiana this 12th day of January, 2026.

_____
 **JANE TRICHE MILAZZO
 UNITED STATES DISTRICT JUDGE**