**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**DARREN DOWELL**                                    **CIVIL ACTION**

**VERSUS**                                                   **NO: 26-65**

**TAKEDA PHARMACEUTICALS**
**AMERICA, INC. ET AL.**                          **SECTION "H"**


**ORDER AND REASONS**

Before the Court is Defendants' Motion to Dismiss (Doc. 8). For the following reasons, the Motion is **GRANTED**.


**BACKGROUND**

Plaintiff Darren Dowell filed this action against AstraZeneca PLC; Takeda Pharmaceutical Company Limited; Takeda Pharmaceuticals America, Inc.; Perrigo Company; Wyeth, LLC; and Pfizer Inc. as the manufacturers and suppliers of proton pump inhibitors, such as Prilosec, Nexium, Prevacid, and Protomix (collectively, "PPIs"). Plaintiff alleges that he was prescribed PPIs beginning in 2006 until he was diagnosed with squamous cell and adenocarcinoma cancers of his esophagus and stomach in 2024. Plaintiff alleges that his cancer was caused by his usage of PPIs. He alleges that the

1

PPIs manufactured by Defendants were defective, unreasonably dangerous, and that Defendants failed to warn about the dangers.

Defendants Takeda Pharmaceuticals America, Inc.; Pfizer Inc.; Wyeth, LLC; and Perrigo Company have moved to dismiss the claims against them, arguing that Plaintiff's Complaint contains insufficient allegations to state a claim.[1] Plaintiff has failed to file an opposition to this Motion. The Court may not, however, simply grant the instant Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[2] Accordingly, this Court will consider Defendants' arguments in turn.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[3] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[5] The court need not, however,

---

[1] Defendants Takeda Pharmaceutical Company Limited and AstraZeneca PLC have not been joined in this matter.

[2] *See, e.g.,* Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*,* 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford*,* 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir.1985).

[3] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[4] *Id.*

[5] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

accept as true legal conclusions couched as factual allegations.[6] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[7] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[8] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[9]

## LAW AND ANALYSIS

The Louisiana Products Liability Act ("LPLA") "establishes the exclusive theories of liability for manufacturers for damage caused by their products. A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in [the LPLA]."[10] Accordingly, considering the facts of Plaintiff's Complaint, he is limited to claims under the LPLA. "To maintain a successful products liability action under the LPLA, a plaintiff must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product 'unreasonably dangerous'; and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else."[11] Under the LPLA,

---

[6] *Iqbal*, 556 U.S. at 678.

[7] *Id.*

[8] *Lormand*, 565 F.3d at 255–57.

[9] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

[10] LA. REV. STAT. § 2800.52.

[11] Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 260–61 (5th Cir. 2002).

> [a] product is unreasonably dangerous if and only if: (1) The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55; (2) The product is unreasonably dangerous in design as provided in R.S. 9:2800.56; (3) The product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57; or (4) The product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.[12]

Here, Plaintiff does not specifically allege that Defendants' products are unreasonably dangerous in one or more of these four ways. Accordingly, this Court will consider whether he has stated a claim under any theory.

### A. Construction/Composition Defect

First, Defendants allege that Plaintiff has failed to plead sufficient facts to support a claim under a construction/composition defect theory. To show a construction/composition defect, a plaintiff must allege that "at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer."[13] The Fifth Circuit has held that to plead a claim under this theory, the complaint must specify the defect, "a causal connection between the failure of the specific manufacturing process and the specific defect in the process that caused the personal injury."[14] Plaintiff's Complaint alleges only that the PPIs were defective and unreasonably dangerous. These vague and

---

[12] LA. REV. STAT. § 9:2800.54.

[13] Flagg v. Stryker Corp., 647 F. App'x 314, 316 (5th Cir. 2016).

[14] Funk v. Stryker Corp., 631 F.3d 777, 782 (5th Cir. 2011).

conclusory allegations are insufficient to state a manufacturing defect claim under the LPLA.

## B. Design Defect

Similarly, Defendants allege that Plaintiff has failed to allege a design defect claim. To state a claim for a design defect, a plaintiff must show that "at the time the product left the manufacturer's control[,] [t]here existed an alternative design for the product that was capable of preventing the claimant's damage and that the danger and gravity of that damage outweighed any adverse effects on the utility of the product and the burden on the manufacturer of adopting the alternative design."[15] Plaintiff's Complaint does not come close to making these specific allegations and therefore does not state a claim for a design defect under the LPLA.

## C. Failure-to-Warn

Next, Defendants argue that Plaintiff has failed to adequately allege a failure-to-warn claim. "To successfully maintain a failure-to-warn claim under the LPLA, a plaintiff must demonstrate that the product in question has a potentially damage-causing characteristic and that the manufacturer failed to use reasonable care to provide an adequate warning about this characteristic."[16] "To meet the first prong of this test, we have indicated that a plaintiff must provide evidence about the 'cause, frequency, severity, or consequences' of the dangerous characteristic in question."[17] Plaintiff has failed to even allege what characteristic of the PPIs made them dangerous,

---

[15] *Flagg*, 647 F. App'x at 316.

[16] Stahl v. Novartis Pharms. Corp., 283 F.3d 254, 264 (5th Cir. 2002).

[17] *Id.*

much less provide the required specificity. Instead, Plaintiff asserts only conclusory allegations, such as that the products "possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury" or that "health hazards" were "inherent in the PPIs."[18] These allegations do not satisfy the pleading requirements for a failure-to-warn claim under the LPLA.

### D. Nonconformity to Express Warranty

Finally, Defendants argue that Plaintiff has failed to allege facts to support a claim for nonconformity to express warranty. To maintain a claim for nonconformity of express warranty, Plaintiff must allege that "(1) the manufacturer made an express warranty regarding the product, (2) the plaintiff was induced to use the product because of that warranty, (3) the product failed to conform to that express warranty, and (4) the plaintiff's damage was proximately caused because the express warranty was untrue."[19] "An 'express warranty' is a representation or statement about a product that affirms the product possesses specified characteristics or qualities. It does not include a general opinion or general praise."[20] General statements that a product is safe are insufficient to be deemed express warranties.[21] Plaintiff's Complaint does not indicate any express warranty made by Defendants.

---

[18] Doc. 1-1.

[19] Caboni v. Gen. Motors Corp., 278 F.3d 448, 452 (5th Cir. 2002).

[20] Guidry v. Janssen Pharms., Inc., 206 F. Supp. 3d 1187, 1199 (E.D. La. 2016) (internal citations omitted).

[21] *See* Pellegrin v. C.R. Bard, No. CV 17-12473, 2018 WL 3046570, at *5 (E.D. La. June 20, 2018) (J. Vance) (stating that "plaintiff's vague and conclusory allegations fail to specify the contents of defendants' representations").

Accordingly, Plaintiff has not alleged a claim for nonconformity to express warranty under the LPLA.

As set forth above, Plaintiff's allegations are woefully insufficient to state any claim under the LPLA. In addition to the deficiencies already identified, Plaintiff fails to provide sufficient details to put Defendants on notice of the claims against them. For example, Plaintiff fails to allege with any specificity which medication he took, the duration or dosage of each medication, who prescribed the medication, and who manufactured which medication. That said, "unless futile, courts generally allow one chance to amend deficient pleadings before dismissing with prejudice."[22] Accordingly, the Court grants Plaintiff leave to amend his Complaint to attempt to remedy the deficiencies identified herein.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**. Plaintiff shall amend his Complaint within 20 days of this Order to the extent that he can remedy the deficiencies identified herein. Failure to amend will result in dismissal without prejudice of Plaintiff's claims.

New Orleans, Louisiana this 23rd day of March, 2026.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[22] Buc-ee's, Ltd. v. Bucks, Inc., 262 F. Supp. 3d 453, 467 (S.D. Tex. 2017) (citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002)).

7